UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Robinson, # 335542, ) | C/A No. 5:14-2071-DCN-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, a state prison inmate appearing pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

   I.   Factual and Procedural Background

Clarence Robinson ("Petitioner") was convicted of armed robbery and possession of a firearm by a jury in Charleston County on June 26, 2009. He is serving a 12-year sentence at Ridgeland Correctional Institution, in Ridgeland, South Carolina. According to the Petition, Petitioner's trial counsel filed his notice of direct appeal too late, causing the appeal to be dismissed by the South Carolina Court of Appeals on July 17, 2009. Pet. 2, ECF No. 1. Petitioner filed a post-conviction relief ("PCR") case in the Charleston County Court of Common Pleas on January 19, 2010, seeking a belated direct appeal and alleging ineffective assistance of trial counsel. *Id*. at 3. According to Petitioner's allegations, the PCR court granted the belated appeal on December 15, 2010. *Id*. at 3. According to available online records of the Charleston County

Clerk of Court and the South Carolina Supreme Court, Petitioner's counsel perfected the belated appeal by submitting a petition for writ of certiorari to the South Carolina Supreme Court on or about January 12, 2011.[1] The Supreme Court considered the case on a Fourth Amendment issue only and affirmed Petitioner's convictions on February 26, 2014. *Id*. at 7. The Supreme Court's remittitur was sent to Charleston County on March 17, 2014.[2] Petitioner filed a timely petition for writ of certiorari to the United States Supreme Court on May 13, 2014, where it remains pending under Docket No. 13-10163. The State waived its right to respond, and the matter was distributed for conference of the Court on June 26, 2014.[3] Petitioner submitted the Petition to this court on May 23, 2014, and acknowledges that the petition for certiorari is currently pending in the United States Supreme Court. *Id*. at 2-3.

Petitioner raises several points in the Petition that do not appear to have been fully exhausted, including claims of ineffective assistance of trial and appellate counsel. *Id*. at 5-8. He alleges that his PCR counsel should have raised these un-exhausted points with the state supreme court and asserts that he did not receive a full and complete hearing on the Fourth Amendment point that was raised in his belated appeal. *Id*. He asks this court to "GRANT WRIT AND /OR DETERMINE THERE WAS NOT FULL AND FAIR HEARING ON 4TH AMENDMENT ISSUE; GRANT A NEW BELATED CRIMINAL DIRECT APPEAL OR ISSUE WRIT." *Id*. at 14 (capitalization in original).

---

[1] *See In Re Katrina Canal Breaches Consol. Litig*., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] htttp://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency =10002&Casenum=2010CP1001101&CaseType=V (last consulted June 5, 2014).

[3] http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/13-10163.htm.

2

II. Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed

---

(lastconsulted June 27, 2014).

pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III. Analysis

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted his state remedies. With respect to his 2009 Charleston County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has fully exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Jud. Circuit Ct.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

The exhaustion of state remedies doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. at 276. Before a federal court may consider a habeas claim under § 2254, the petitioner must give the state court system "'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process . . . .'" *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir.

2004) (quoting from *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That "complete round" of appellate review also includes discretionary review such as the filing of a petition for writ of certiorari to the United States Supreme Court following direct appeal or with the South Carolina Supreme Court seeking review of the dismissal of a PCR application. *Id*. at 448; *see also Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). The South Carolina Supreme Court has specifically stated, "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." *In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (specifically addressing criminal and post-conviction relief appeals).

As noted above, the allegations contained in the Petition and as noted on the United States Supreme Court's docket show that Petitioner filed a timely petition for writ of certiorari to that Court seeking review of the South Carolina Supreme Court's decision on his belated direct appeal and that petition is currently pending. According to Petitioner, the PCR court did not consider his ineffective assistance claims when it granted the belated direct appeal; therefore, the state supreme court only considered a Fourth Amendment claim arising from his criminal trial. Pet. 3, 6, 8; ECF No. 1. In turn, under general appellate principles, that Fourth Amendment ruling would be the only ground properly presented for review by the United States Supreme Court. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). As a result, the Fourth Amendment issue is still in the process of exhaustion of remedies and the ineffective assistance of counsel grounds

5

for habeas relief ostensibly raised in the Petition filed in this case do not appear to have yet been considered and addressed by the courts of the State of South Carolina. This failure to fully exhaust available state remedies before filing the Petition is fatal to this case and requires that it be summarily dismissed.

Because it is clear from the face of the pleadings in this case that Petitioner has several viable state court remedies (finalization of the belated direct appeal, PCR, appellate review of PCR) that have not been fully utilized, this court should not keep this case on its docket while Petitioner exhausts his state remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (federal habeas court should not retain the case on its docket pending exhaustion of state court remedies, but, absent special circumstances, should dismiss the petition); *Salama v. Virginia*, 605 F.2d 1329, 1330 (4th Cir. 1979) (same).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

June 27, 2014                                                         Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).